UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIPCO TRANSPORT, INC,<br><br>               Plaintiff,<br>v.<br><br>OOCL (USA), Inc.<br>               Defendants. | CIVIL ACTION No.<br><br>COMPLAINT |

Plaintiff, Shipco Transport, Inc., having a place of business at 127 Main Street, Chatham, NJ 07928 by way of complaint against the defendant(s), says:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction herein is based on the Court's Maritime Jurisdiction, and particularly, Plaintiff seeks relief under the Carriage of Goods at Sea Act ("COGSA") 46 U.S.C. § 30701, et. seq. to 40904, inclusive. A Bill of Lading issued from Defendant to Plaintiff for the transport of goods designates the Law of the United States at the choice of law but does not designate a forum.

2. Personal jurisdiction is properly laid within the State of New Jersey because Defendant OOCL (USA) Inc. maintains a physical presence within the State

1

of New Jersey and operate maritime transportation services out of the Newark and Elizabeth, NJ port complexes.

3. Venue is properly laid in New Jersey because both Plaintiff and Defendant have physical operations located within the State of New Jersey, and both are authorized to do business in the State by the Secretary of State of New Jersey.

## THE PARTIES

1. Plaintiff is in the business of providing shipping, freight, and logistics services, and is a licensed by the Federal Maritime commission ("FMC") as a non-vessel operating common carrier ("NVOCC")

2. Defendant OOCL (USA), Inc. ("OOCL") is vessel operating common carrier ("VOCC") licensed by the Federal Maritime Commission. It is authorized to do business by the Secretary of State of the State of New Jersey and maintains an agent for service of process At Princeton South Corporate Ctr Ste 160, 100 Charles Ewing Blvd, Ewing, NJ,08628

## FACTS COMMON TO ALL COUNTS

3. On January 14, 2021, Plaintiff booked shipment of a container of cargo from Chicago, IL to Port Klang, Malasia, Defendant issued a booking confirmation confirming the scheduled shipment.

4. The cargo was duly tendered to Defendant, in accordance with the January 14, 2021 booking confirmation, on January 18, 2021 and placed in a container for transport by Defendant.

5. Defendant issued a Bill of Lading to Plaintiff confirming that the transport was covered by COGSA and is thus the party contractually bound to plaintiff.

6. Thereafter, the cargo was in the possession, custody and control of OOCL.

7. Defendant directed the transport of cargo from Chicago to the point of debarkation to Malaysia, the Port of Los Angeles, by consigning the container for transport of BNSF, which was contracted to transport the cargo by rail by OOCL, pursuant to the Bill of lading described herein.

8. On or about January 24, 2021, the train carrying the cargo derailed, causing damage to the cargo tendered as set forth above.

9. Plaintiff was notified of the derailment and cargo loss on January 26, 2021 thereafter.

10. By letter of January 28, 2021, Plaintiff notified Defendant of an intent to make a claim for the lost cargo.

11. There was a compensable loss in value to the cargo of no less than $220,000.00 combined for the multiple individual packets contained therein.

12. Multiple claim information to substantiate the aforesaid claim amount has been provided by Plaintiffs to Defendants but said claims have not been paid.

13. There remains due and owing to Plaintiff from Defendant in excess of $220,000.00 for uncompensated claims for lost cargo made and due under the Bill of Lading and COGSA.

### FIRST COUNT

14. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 13 of the Complaint as if set forth at length herein, and hereby incorporate the same by reference.

15. While in the possession, custody and control of Defendant, the container of cargo shipped by Plaintiff was damaged, and much of it destroyed.

16. As a result, there was a casualty loss in excess of $200,000.00.

17. Pursuant to the Bill of Lading, plaintiff is entitled to be reimbursed for the casualty loss of the cargo based upon the terms and conditions set forth in COGSA.

18. Claims have been duly made and have not been paid.

19. As a direct and proximate result thereof, and but for the conduct of OOCL, Plaintiff has been and continues to be profoundly damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A) As and for the First Count, for a judgment for damages in the amount of not less than $220,000.00.

B) For Interest on the unpaid amount due;

C) For Attorney's fees;

D) For Costs of Suit; and

E) For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: Livingston, NJ  /s/ *Marlo J. Hittman*
October 14, 2021  Marlo J. Hittman (MJH 2330)
  354 Eisenhower Parkway, Plaza I
  Livingston, NJ 07039
  973-751-7000 (ph)
  973-751-7066 (fax)
  201-264-3850 (c)
  E: marlo@hittmanlaw.com
  Counsel for Plaintiff